**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KAY A. JOHNSON, | No.   21-35755 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-05935-MLP |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Michelle L. Peterson, Magistrate Judge, Presiding

Submitted August 11, 2022**
Seattle, Washington

Before:  CHRISTEN, LEE, and FORREST, Circuit Judges.

Kay Johnson appeals a district court order affirming the Administrative Law

Judge's (ALJ) denial of her application for disability benefits and supplemental

income.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Johnson suffers from bilateral hearing loss and generalized anxiety disorder, both of which the ALJ determined were "severe impairments." Johnson also has a history of eczema, cellulitis, intermittent asthma, hepatitis C, periodontal disease, abdominal hernias, symptoms of depression, deep vein thrombosis, anorexia, cannabis use, and opiate dependence. The ALJ concluded that, despite this combination of impairments, Johnson is not disabled under 20 C.F.R. § 404.1505 because she is capable of returning to her past work as a garment sorter.

1. <u>Mental health.</u> The ALJ's findings regarding Johnson's mental health are supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022). An ALJ "must articulate how persuasive it finds all of the medical opinions from each doctor or other source and explain how it considered the supportability and consistency factors in reaching these findings." *Id.* at 792 (cleaned up) (citing 20 C.F.R. § 404.1520c(b)). Here, the ALJ accommodated Johnson's mental limitations in the residual functional capacity (RFC) assessment but found Dr. Alysa Ruddell's finding of "marked" mental limitations was not supported by, or consistent with, other record evidence. For example, despite Dr. Ruddell's finding of "marked" mental limitations, Dr. Ruddell noted that Johnson had a normal "attitude and behavior," full range of affect, "appropriate eye contact," "appropriate thought content," normal speech, "full orientation," an adequate "fund of knowledge," and a normal "capacity for abstract thought."

Additionally, the ALJ found that Dr. Ruddell's opinion conflicted with the opinions of two state psychological consultants, which the ALJ found "highly persuasive." Last, although Dr. Ruddell noted "marked" and "chronic" "depression" as one of several "mental health symptoms," Dr. Ruddle did not include "depression" under the "diagnosis" section of her report. Accordingly, Johnson's argument that the ALJ "rejected a diagnosis of depression" from Dr. Ruddell is inaccurate. At best, the record is ambiguous on this point. Because this court reviews an ALJ's decision for substantial evidence, we must affirm.

2. Physical disorders. Pointing to the medical reports of Dr. Beth Liu and Dr. Louis Enekma, Johnson argues that the ALJ "failed to adequately consider the functional impact of [Johnson's] physical disorders." But the ALJ's findings about the functional impact of Johnson's physical disorders are supported by substantial evidence. *See Woods*, 32 F.4th at 787–88. The ALJ found Dr. Liu's opinions unpersuasive because they were "not consistent with the completely normal functioning [Johnson] demonstrated during the physical consultative examination." *See id.* at 791 (noting an ALJ must consider the "supportability" and "consistency" of a medical opinion (quoting 20 C.F.R. § 404.1520c(a))). Meanwhile, the ALJ found Dr. Enekma's opinions persuasive, but noted that Dr. Enekma's opinion indicated Johnson's limitations would likely last only three months. Because the limitations identified by Dr. Enekma did not meet the twelve-month duration

3

requirement for a finding of disability, substantial evidence supports the ALJ's decision.  *See* 20 C.F.R. §§ 416.909, 416.920(a)(4)(ii).

Johnson also argues that the ALJ "failed to include" her asthma and hearing loss in the RFC finding or in the questions asked of the vocational expert.  But there is no evidence that the inclusion of asthma limitations—such as a need to avoid dust, odors, fumes, and pulmonary irritants—would preclude Johnson from returning to her past work as a garment sorter.  *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (noting that the omission of limitations is harmless if adding those limitations would not preclude jobs identified).  Similarly, Johnson does not allege the position of garment sorter would be unsuitable for someone who requires a quiet environment.  *See id.*  Accordingly, this argument has no merit.

3. <u>Lay witness statements.</u>  Finally, Johnson argues that the ALJ erred by failing to consider lay witness statements from three different individuals.  The government, however, contends that under the new, 2017 regulations, the ALJ does not need to discuss "non-medical sources" in its decision and that Johnson's argument is "based on a flawed reading of the new, 2017 regulations and on caselaw that no longer applies."  We need not address this disagreement because a failure to address lay testimony may be deemed harmless where, like here, it is "inconsequential to the *ultimate nondisability determination*."  *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (quoting *Stout v.*

*Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006)).  Because the lay witness statements were largely duplicative of Johnson's own testimony, the ALJ's failure to address the statements was inconsequential and therefore harmless.  *See Molina v. Astrue*, 674 F. 3d 1104, 1117–22 (9th Cir. 2012) (noting that "[w]here lay witness testimony does not describe any limitations not already described by the claimant, and the ALJ's well-supported reasons for rejecting the claimant's testimony apply equally well to the lay witness testimony," the failure to address the lay witness testimony may be deemed harmless), *superseded on other grounds by regulation as stated in Bowen v. Kijakazi*, No. 21-35600, 2022 WL 2610242, at \*2 (9th Cir. July 8, 2022).  We therefore hold that the ALJ did not commit reversable error.

**AFFIRMED.**